IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER J. BAILEY,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Civil Action No.   2:13-22937 |
| | ) | Criminal Action No. 2:95-00002 |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] (Document No. 210.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 212.) By Order entered on January 6, 2016, the above case was referred to the undersigned for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 215.)

## FACTUAL BACKGROUND

On May 23, 1995, Movant was convicted of one count of kidnapping his wife for ransom, reward, or otherwise, and willfully transporting her in interstate commerce, in violation of 18 U.S.C. § 1201(a)(1) (Count One), and one count of intentionally committing a crime of violence and causing bodily injury to her in violation of 18 U.S.C. §§ 2261(a)(2) and 2261(b) (Count Two).

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1

(Criminal Action No. 2:95-00002, Document No. 111.) The District Court sentenced Movant on September 1, 1995, to serve life imprisonment as to Count One and 20 years of imprisonment as to Count Two. (Id., Document No. 134.) The District Court further directed that Movant's term of imprisonment be followed by a five-year term of supervised release. (Id.) The District Court entered an Amended Judgment Order on September 13, 1995, directing that "as an additional special condition of supervised release, the defendant shall attend a public, private, or private non-profit offender rehabilitation program that has been provided by the Court in consultation with the state Coaliation Against Domestic Violence or other appropriate experts." (Id., Document No. 140.)

On September 15, 1995, Movant filed a Notice of Appeal. (Id., Document No. 141.) In his appeal, Movant argued as follows: (1) The District Court erred in failing to dismiss Count Two of the Indictment alleging violations of the interstate domestic violence statute, 18 U.S.C. § 2261(a), because Congress exceeded its power under the Commerce Clause; (2) The Indictment was multiplicitous; (3) "The District Court 'inappropriately and unconstitutionally' protracted the process by which he sought to obtain money for investigators and experts;" (4) The District Court erred in denying Movant's motion for a continuance that was necessary for him to have sufficient time to utilize an expert that had been authorized one week prior to trial; (5) The District Court abused its discretion in refusing a change of venue or individual voir dire; (6) The District Court erred in admitting evidence that should have been excluded under Rule 403; (7) Prosecutorial misconduct; (8) There was insufficient evidence to support the verdict; and (9) The District Court erred in its upward departure from the sentencing guidelines for kidnapping. On May 2, 1997, the Fourth Circuit Court of Appeals affirmed Movant's convictions and sentence. United States v.

Bailey, 112 F.3d 758 (4th Cir. 1997). Movant filed a petition for certiorari in the United States Supreme Court, which was denied on October 6, 1997. Bailey v. United States, 522 U.S. 896, 118 S.Ct. 240, 139 L.Ed.2d 170 (1997).

On May 4, 1998, Movant filed his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action 2:98-0378, Document No. 166.) By Proposed Findings and Recommendations entered on August 10, 1998, United States Magistrate Judge Jerry D. Hogg recommended that Movant's Section 2255 Motion be denied. (Id., Document No. 176.) By Memorandum Opinion and Judgment Order entered on August 28, 1998, United States District Judge Charles Haden II, adopted Judge Hogg's recommendation and denied Movant's Section 2255 Motion. (Id., Document Nos. 179 and 180.) Movant filed a Notice of Appeal on October 28, 1998. (Id., Document No. 181.) On February 9, 1999, the Fourth Circuit dismissed Movant's appeal. United States v. Bailey, 172 F.3d 864 (4th Cir. 1999)(unpublished opinion). On April 1, 1999, Movant filed a Petition for Rehearing. United States v. Bailey, Case No. 98-378 (4th Cir.), Document No. 30. By Order entered on April 26, 1999, the Fourth Circuit denied Movant's Petition for Rehearing. Id., Document No. 35.

On October 20, 2008, Movant filed a Motion to Recall Mandate. United States v. Bailey, Case No. 95-5727 (4th Cir.), Document No. 133. Specifically, Movant argued that he was innocent of the kidnapping charge. Id. By Order entered on October 21, 2008, the Fourth Circuit denied Movant's Motion to Recall Mandate. Id., Document No. 134.

On September 12, 2013, Movant, acting *pro se,* filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 2:13-22937, Document No. 210.) As grounds for relief, Movant alleges that his sentence is invalid

pursuant to Alleyne v. United States, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). (Id., pp. 17 - 26.) First, Movant argues that his Section 2255 Motion is not barred as successive because his "Alleyne claim was unripe when he filed his initial Section 2255 Motion." (Id., p. 6.) Next, Movant contends that the "rule announced in Alleyne is retroactively applicable." (Id., pp. 9 - 15.) Finally, Movant argues that "it is undisputed that this Court violated the cord holding in Alleyne when it increased [Movant's] sentence from essentially 15-years to life in prison based on ingredients of the offense that the Court found by a preponderance of the evidence. It is equally irrefutable that these offense characteristics were not charged in the Indictment." (Id., p. 17.) Movant argues that under Alleyne, "any fact that alters or increases the prescribed range of penalties to which a Defendant is exposed must be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt." (Id., pp. 18 - 26.) Therefore, Movant requests that Court "vacate the sentence and resentence him consistent with the Sixth Amendment." (Id., p. 26.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7

L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

The undersigned finds Movant's Section 2255 Motion to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244

by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Movant's Motion actually contains newly discovered evidence or presents a new rule of constitutional law.[2] "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). Movant has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be

---

[2] To the extent Movant contends that *Alleyne* involves a new rule of constitutional law that is retroactively applicable on collateral review, the undersigned will briefly consider the claim. In *Alleyne*, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury. *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). The undersigned, therefore, will consider whether *Alleyne* is retroactive for purposes of collateral review. *Alleyne* establishes a new rule of criminal procedure, rather than a substantive change in the law. *Harris v. United States*, 2013 WL 4882227, * 2 (S.D.W.Va. Sept. 12, 2013)(J. Johnston). Generally, new rules of criminal procedure do not apply retroactively to cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 303, 109 S.Ct. 1060, 1071, 103 L.Ed.2d 334 (1989). The Fourth Circuit has recently determined that *Alleyne* is not retroactive for purposes of collateral review. *United States v. Stewart*, 540 Fed.Appx. 171 (4th Cir. Sep. 27, 2013)("*Alleyne* has not been made retroactively applicable to cases on collateral review."); *also see United States v. Redd*, 735 F.3d 88, 92 (2nd Cir. 2013); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013); *Manning v. United States*, 2013 WL 5890722 (W.D.Va. Oct. 31, 2013); *Muhammad v. Purdue*, 2013 WL 4508870 (N.D.W.Va. Aug. 23, 2013); *United States v. Reyes*, 2013 WL 4042508 (E.D.Pa. Aug. 8, 2013); *United States v. Eziolisa*, 2013 WL 3812087 (S.D.Ohio July 22, 2013). Accordingly, the undersigned finds that Movant is not entitled to *habeas* relief based upon *Alleyne*.

dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals. See Little v. United State, 2015 WL 4506695 (S.D.W.Va. July 23, 2015)(J. Johnston)(dismissing Section 2255 Motion based on *Alleyne* as second or successive); Ferranti v. United States, 2014 WL 2967944 (E.D.Va. June 30, 2014)("although *Alleyne* contains a new rule of constitutional law, the Petitioner is not entitled to file a successive § 2255 motion").

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 210), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: May 9, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge